## JOSEPH SEELEY *versus* HENRY C. BROWN.

Where, during the pendency of an action in court, the declaration was amended, it was *held*, that such amendment, although it embraced a new demand, would not discharge the bail, if judgment was rendered on the original demand only ; for the bail are liable only to the extent of the original demand, and cannot therefore be injured by the amendment.

In an action by a judgment creditor against the sheriff for not delivering over the bail-bond taken in the original action, the judgment debtor having avoided on the execution, the sheriff will not be allowed to give in evidence, in mitigation of damages, that the judgment debtor has been insolvent from the time of the rendition of the judgment against him.

CASE against the sheriff for the default of his deputy, David Rodman, in not delivering over a bail-bond to the plaintiff.

Upon a case stated, the following facts appeared. The plaintiff, on September 22, 1827, commenced an action of covenant broken against John, Elijah K. and King Williams.

The first count in the declaration in that action, alleged, that, on April 14, 1823, the plaintiff and Charles G. Williams and Amos S. Waring were partners under the firm of Seeley, Williams and Waring ; that on August 1st, 1824, the partnership was dissolved ; that the defendants, by their deed dated April 14, 1826, (of which profert is made,) covenanted with the plaintiff to indemnify him against any debts due from Seeley, Williams and Waring ; that at the time of the execution of this deed, there was due from that firm to Judah Paddock & Co. the sum of $ 54·05, which sum the plaintiff had been obliged to pay to Paddock & Co. on April 1, 1827 ; the defendants having refused to pay the same; and that so the defendants had broken their covenant.

The second count in the same action alleged, that by the same deed the defendants also covenanted with the plaintiff, that Charles G. Williams should pay the interest that had accrued, at the time of the execution of the deed, on a debt then due from C. G. Williams and A. S. Waring [and in the declaration as amended, from Seeley, C. G. Williams and A. S. Waring] to Timothy Reed, the plaintiff having agreed to pay the principal of the debt ; that Reed did require of Seeley and Williams and Waring payment of such interest,

amounting to the sum of $ 63, and that Charles G. having refused to pay the same, the plaintiff, on July 1, 1827, paid that sum, as interest, on the debt due from Williams and Waring to Reed as aforesaid ; and that so the defendants had broken their covenants.

The writ in the plaintiff's action against John Williams and others was delivered to Rodman to be served. Rodman returned, that no service was made on King Williams, and that he had arrested John and Elijah K. and held them to bail. The action was entered in court, and while it was pending, the plaintiff amended his declaration in the manner before stated He also added an amendment which averred, that on April 14, 1826, Williams and Waring were further indebted to Reed in one other sum of $ 70 for interest on a debt, the principal of which the plaintiff had assumed to pay ; that the plaintiff, on August 1, 1826, had been obliged to pay to Reed the sum of $ 70, in discharge of the debt so due as interest from Seeley, Williams and Waring ; that the defendants had not indemnified the plaintiff therefor, and so had broken their covenants.

At the May term 1830 of this Court, where the action against Williams and others was pending, by agreement of the parties the defendants were defaulted, and the plaintiff recovered judgment for $ 67·29 and costs, and released all other damages claimed in the suit. The execution issued on the judgment was delivered to Miles Bartholomew, another deputy of the defendant in the present action, with instructions not to arrest Elijah K. Williams. Bartholomew, on September 14, 1830, made return that he could not find John Williams in his precinct, and that not having directions to arrest Elijah K., the execution was wholly unsatisfied.

On September 15, 1830, Rodman being out of the Commonwealth, a demand was made by the plaintiff on the defendant in the present action, for the delivery of the bail-bond taken by Rodman ; but the bond has never been delivered to the plaintiff nor returned into court.

It was agreed, that the plaintiff might prove, if it was competent to him to do so, and was material, that judgment was rendered in the action against John Williams and others for a

sum alleged in the first count to have been paid by the plaintiff to Judah Paddock & Co., in regard to which count no amendment was made.

It was neither admitted nor denied, that Elijah K. Williams was of sufficient ability to satisfy the execution in favor of Seeley, and if that fact should be material, either in bar or in mitigation of damages, a trial was to be granted in order to ascertain it.

It was further agreed, that the defendant might prove, if it was competent to him to do so and was material, that John Williams possessed no property, by which any part of the judgment debt might have been paid, from the time of the rendition of the judgment against him, and that he has remained insolvent ever since.

Upon this statement of facts, the Court were to render such judgment as law should require.

*Byington*, for the plaintiff, cited to the point, that the bail were not discharged by the amendment, *Ball v. Clafflin*, 5 Pick. 303 ; *Miller v. Clark*, 8 Pick. 412 ; *Bean v. Parker*, 17 Mass. R. 603 ; 1 Tidd's Pr. 250, 234 ; *Jackson v. Hassell*, 1 Dougl. 330 ; *Dahl v. Johnson*, 1 Bos. & Pul. 205 ; *Mitchell v. Gibbons*, 1 H. Bl. 76 ; *Fowlds v. Mackintosh*, ibid. 233 ; *Lockwood v. Hill*, ibid. 310 ; *Martin v. Moor*, 2 Str. 922. On the question of damages, he cited *Simmons v. Bradford*, 15 Mass. R. 82 ; *Heppel v. King*, 7 T. R. 370 ; *Stevenson v. Cameron*, 8 T. R. 28.

*Hall*, for the defendant, contended, that if it could be proved that the plaintiff had lost nothing by the neglect to deliver over the bail-bond, the defendant would not be liable. If the amendments discharged the bail, they will free the defendant from his responsibility. 3 Starkie on Evid. 1341, note 1, (Metcalf's ed.) ; *Brooks v. Hoyt*, 6 Pick. 468. In the present case, a new cause of action was introduced by the amendments, and consequently the bail was discharged. *Danielson v. Andrews*, 1 Pick. 156 ; *Hill v. Hunnewell*, ibid. 192 ; *Brigham v. Este*, 2 Pick. 420 ; *Denny v. Ward*, 3 Pick. 199. It is not competent for the plaintiff to show that the damages were assessed on the first count. *Dryden v. Dryden*, 9 Pick. 546.

WILDE J. delivered the opinion of the Court. This is an action on the case against the sheriff for the neglect of one of his deputies, in not returning a bail-bond, taken by him in an action in favor of the plaintiff against John Williams and others, and for not delivering the same to the plaintiff on demand. The defence is, that after the service against Williams and others, the plaintiff, by leave of court, amended his original declaration, and inserted a new demand, and thereby discharged the bail. If such was the legal effect of the amendment, there can be no doubt, that it is competent for the defendant to show it, by way of defence, in this action. But we are of opinion, that it does not appear by the facts agreed, that any new demand was embraced by the amendment ; and it is expressly agreed, that the plaintiff did not recover judgment on any such demand, but only on his original claim. Now if the amendment might embrace a new demand, yet as judgment was rendered on the original demand only, the bail are not liable but to that extent, and cannot therefore be injured by the amendment. To hold the bail discharged under these circumstances, would be going quite too far, and beyond any of the decisions cited by the defendant's counsel, which have gone far enough in limiting the privilege of amendment, and ought not to be extended. In *Hill* v. *Hunnewell*, 1 Pick. 192, it was decided, that, in an action where an attachment had been made, and that action and all demands had been referred to arbitration, and judgment had been thereupon recovered, the mere fact of entering into such a reference dissolved the attachment, and that it would likewise discharge bail, for otherwise subsequently attaching creditors, and bail, might be injured ; but if it had been shown in that case, that no new demand had been admitted by the referees, then the subsequent attaching creditors could not have been injured, and the reason of the decision would have failed. And, that the plaintiff would have been allowed in that case to show that no new demand had been proved before the referees, nor allowed by them, appears quite clear by a note in the case of *Willis* v. *Crooker*, 1 Pick. 206. The burden of proof, it is there said, lay on the plaintiff ; and so it undoubtedly would in the present case, if it were not removed by the defendant's admission

)t the fact. But the fact being admitted, that the plaintiff took judgment for his original demand and no more, there is no ground remaining on which the bail could claim to be discharged. It becomes therefore unnecessary to decide the question, whether the amendment does embrace any new demand, or whether it amounts to any thing more than the assignment of a new breach of the obligation declared on in the original writ. However this may be, the plaintiff is entitled to judgment, and for his whole demand. The poverty and inability of the Williamses to pay, cannot be allowed to be given in evidence in mitigation of damages, as was decided in *Simmons* v. *Bradford,* 15 Mass. R. 82.

*Judgment for the plaintiff.*